IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DOUGLAS PATTERSON, Individually, and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(b)** *Plaintiffs,* v. **DALLAS/FORT WORTH INTERNATIONAL AIRPORT BOARD** *Defendant.* | **Case No.:** 18-307 |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Douglas Patterson ("Plaintiff") on behalf of himself and all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, files this Fair Labor Standards Act ("FLSA") lawsuit against Dallas/Fort Worth International Airport Board ("Defendant") and in support shows the Court and jury as follows:

### I.   INTRODUCTORY STATEMENT

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") by Plaintiff, on behalf of himself and all others similarly-situated. *See* 29 U.S.C. § 216(b).

2. Plaintiff and Class Members are those persons who are current and

former non-exempt Emergency Medical Technicians or Paramedics (collectively, "Paramedics") who worked for Defendant and were paid hourly but were not paid time-and-one-half for all hours worked over forty (40) in each workweek[1].

3. Congress passed the FLSA in 1938 in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals by providing a minimum wage, the prohibition of more than forty (40) hours in a single workweek without the payment of a premium or "overtime," as well as other protections for employees. The FLSA did not prohibit overtime, but rather, by imposing a premium rate for overtime, the FLSA discouraged working employees for longer than forty (40) hours in a single workweek. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577-78 (1942).

4. Plaintiff and Class Members routinely worked more than forty (40) hours in a single workweek.

5. Plaintiff and Class Members were not paid overtime at a rate of one-and-one-half times their regular rate for all hours worked over forty (40) in a single workweek.

6. Defendants knowingly and deliberately failed to compensate Plaintiff and Class Members for all hours worked in excess of forty (40) hours per workweek.

---

[1] Whenever the term "workweek" is used in this Complaint, it shall carry the meaning assigned to it in *29 C.F.R. 778.105* ("a fixed and regularly recurring period of 168 hours – seven consecutive 24-hour periods. It need not coincide with the calendar week but can begin on any day and at any hour of the day.")

7. Plaintiff and Class Members did not (and do not) perform work that meets the definition of exempt work under the FLSA.[2]

8. Accordingly, Plaintiff and Class Members bring this collective action to recover all unpaid overtime, liquidated damages, attorneys' fees, and costs under Section 216(b) of the FLSA.

9. Plaintiff also prays that all similarly situated workers (Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.  PARTIES

10. Plaintiff, Douglas Patterson, was employed by Defendant within the meaning of the FLSA within the three (3) years preceding the filing of this Complaint. Plaintiff was employed as an Emergency Medical Technician for Defendant and worked at Defendant's place of business. Plaintiff's FLSA consent is attached as "Exhibit A."

11. The Putative Plaintiffs/Class Members are those employees, and former employees, of Defendant employed in the capacity of Paramedics and who were suffered or permitted to work by Defendant while not being paid overtime compensation at a rate of one-and-one-half their regular rate for all hours worked over forty (40) in a single workweek ("Class Members"). Class Members will "opt in" pursuant to Section 16(b) of the FLSA. *See* 29 U.S.C. § 216(b).

---

[2] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

12. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

13. Defendant, Dallas/Fort Worth International Airport Board, is a governmental entity co-owned by the municipalities of Dallas and Fort Worth, Texas. Defendant may be served through its Chief Executive Officer, Sean Donohue, at 3200 East Airfield Drive, DFW Airport, Texas 75261- 9428. At all relevant times, Defendant was the employer of Plaintiff and Class Members, and is thus liable to Plaintiff and Class Members, as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

### III.   JURISDICTION AND VENUE

14. Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331, 1345.

15. This Court has jurisdiction over the parties because Defendant is located in Texas and employing Texas residents to work in Texas.

16. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as Defendant maintains its payroll office in Dallas County and Plaintiff performed work for Defendant, in part, in Dallas County.

### IV.   FLSA COVERAGE

17. At all material times, Defendant has been an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all material times, Defendant has been an employer within the

meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

20. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise is a public agency.

## V.   FACTUAL ALLEGATIONS RELATING TO FLSA VIOLATIONS

21. Plaintiff was employed by the Defendant to work at DFW Airport, performing work for Defendant as a Paramedic.

22. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant as Paramedics within the three years prior to the commencement of this action who have not been paid overtime compensation, at one-and-one-half times the regular rate of pay, for all work performed in excess of forty hours per week.

23. During their employment, Plaintiff and Class Members regularly worked more than forty (40) hours in a single workweek[3].

24. Defendant allowed Plaintiff and Class Members to work for hours longer than forty (40) hours in a workweek.

---

[3] The Department of Labor regulations defines workweek to mean: "a fixed and regularly recurring period of 168 hours – seven consecutive 24-hour periods. It need not coincide with the calendar week but can begin on any day and at any hour of the day." *See 29 C.F.R. 778.105.*

25. However, Defendant did not and does not pay Plaintiff and Class Members time and one half their regular rate for all the hours worked over forty (40) in a single workweek.

26. Instead, Defendant pays Plaintiff and Class Members the same rate for all hours worked, including hours worked over forty (40) in a single workweek, even though Plaintiff and Class Members are not-exempt from overtime.

27. Plaintiff and Class Members are not "employed in fire protection activities" as the term is defined in 29 U.S.C. § 207(y).

28. Plaintiff and Class Members do not have the authority to engage in fire suppression at DFW Airport.

29. Plaintiff and Class Members are not assigned with the responsibility to engage in fire suppression at DFW Airport.

30. Plaintiff and Class Members have never actually engaged in fire suppression as part of their duties for Defendant.

31. Plaintiff and Class Members' job duties were separately defined from the job duties of firefighters.

32. Plaintiff and Class Members are not trained in all duties of fire suppressions.

33. Plaintiff and Class Members are not equipped with all equipment necessary to engage in fire suppression. For instance, Plaintiff and Class Members are not provided with a self-contained breathing apparatus, which is required for firefighters working in and around fire.

34. Plaintiff and Class Members work for the EMS Division, which has duties that are different from the employees that are employed as firefighters.

35. Plaintiff and Class Members are not exempt from the FLSA's overtime requirements because they are not employees engaged in fire protection and law enforcement activities as set forth in 29 U.S.C. § 207(k).

36. In addition, to the hourly compensation that Defendant pays Plaintiff and Class Members, Defendant also pays Plaintiff "Paramedic Incentive Pay" as well as a bonus for having a bachelor's degree. The Paramedic Incentive Pay and bachelors bonus are non-discretionary bonuses.

37. As set forth in Defendant's policies, Plaintiff and Class Members are entitled to the Paramedic Incentive Pay because they: 1) are certified or licensed by the Texas Department of State Health Services as a paramedic; 2) have successfully completed field training and current protocol review, and 3) are serving as a paramedic in the EMS Division.

38. All non-discretionary bonuses should be included in Plaintiff and Class Members' regular rates for purposes of calculating the overtime rate. *See* 29 C.F.R. 778.208.

39. Defendant employed Plaintiff and Class Members within the three (3) year period preceding the filing of this lawsuit and did not pay Plaintiff and Class Members at a rate of one-and-one half times their regular rate for all hours worked over forty (40) in a single workweek.

40. During the three-year period prior to this suit, Defendant has employed

individuals who performed similar job duties under a similar payment scheme as used to compensate Plaintiff.

41. Prior to the filing of this Complaint, Defendant was aware that the FLSA requires the payment of an overtime premium for hours worked over forty (40) in a single workweek.

42. Defendant's method of paying Plaintiff and Class Members, which is in violation of the FLSA, was willful and was not based on good faith and reasonable belief that its conduct complied with the FLSAA three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

### VI.   COLLECTIVE ACTION ALLEGATIONS

43. Paragraphs 1 – 42 are incorporated herein as if set forth in full.

44. Plaintiff (the "Collective Action Representatives") brings this FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as a representative of all similarly-situated former and current employees of Defendants. The proposed collective of similarly situated employees ("Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All Emergency Medical Technicians or Paramedics (collectively, "Paramedics") who worked for Defendant within the three (3) year period preceding the filing of this lawsuit through the final disposition of this matter and were paid hourly but were not paid time-and-one-half their regular rate for all hours worked over forty (40) in each workweek.**

45. FLSA claims may be pursued by those who opt-in to this case, pursuant

to 29 U.S.C. § 216(b).

46. Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, the following: Defendant's failure to pay employees overtime compensation at a rate of one-and-one-half the regular rate for all hours worked over (40) in a single workweek.

47. Plaintiff is aware of other employees who work for Defendant, who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that the illegal practices or policies of Defendant have been uniformly imposed on the Class Members.

48. Plaintiff and the Class Members have the same pay structure and have similar job duties. Plaintiff and Class Members are all victims of Defendant's unlawful practices.

49. Plaintiff and the Class Members are all non-exempt for purposes of overtime pay under the FLSA.

50. Defendant's failure to pay overtime compensation pursuant to the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Plaintiff's experience regarding pay is typical of the experiences of the Class Members.

51. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Plaintiff and Class Members' claims arise from a common nucleus of

facts. Specifically, Defendant's systematic course of wrongful conduct in violation of the FLSA's overtime requirements caused harm to Plaintiff and Class Members.

### VII. CAUSE OF ACTION NO. 1: FAILURE TO PAY OVERTIME IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

52. Paragraphs 1 – 51 are incorporated herein as if set forth in full.

53. At all material times, Plaintiff and Class Members have been employed by Defendant as Paramedics.

54. Plaintiff and Class Members are non-exempt employees in their positions as Paramedics.

55. During the relevant period, Defendants have violated and are violating the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), by employing Plaintiff and Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at a rate of not less than one-and-one-half times their regular rate for every hour worked over forty (40) in a workweek.

56. Plaintiff and Class Members' regular rate must include all compensation, bonuses, and other remuneration paid by Defendant for purposes of calculating the overtime rate. *See* 29 C.F.R. 778.208. Defendant has failed to include all bonuses into the regular rate for purposes of calculating the overtime premium rate.

57. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate

are applicable to Defendants, Plaintiff, or Class Members.

## VIII.  JURY DEMAND

58.   Plaintiff requests a trial by jury.

## IX.   DAMAGES SOUGHT

59.   Plaintiff and Class Members are entitled to recover compensation for the hours worked over forty (40) in a workweek, but for which Plaintiff and Class Members were not paid at one-and-one-half times their regular rate. The regular rate shall include all remuneration received, including all bonuses.

60.   Plaintiff and Class Members are also entitled to an amount equal to all of the unpaid overtime wages and fees as liquidated damages as Defendant's actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

61.   Plaintiff and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## X.    PRAYER

62.   For these reasons, Plaintiff, on behalf of himself and the proposed Class Members, respectfully requests that judgement be entered in their favor, against Defendant, awarding Plaintiff and Class Members the following relief:

a. Designation of this action as a collective action on behalf of the proposed Class Members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents

      to sue pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiff Douglas Patterson as Representative Plaintiff of the proposed putative class of the FLSA representative action;

c. An award of damages pursuant to 29 U.S.C. § 216(b) of the FLSA, finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join in the suit);

d. An award pursuant to 29 U.S.C. § 216(b) of the FLSA, finding Defendant liable for Plaintiff's (and those who may join in the suit) attorneys' fees, costs and expenses incurred; and

e. For an Order granting such other and further relief as may be necessary, just, and appropriate.

                                Respectfully submitted,

                          By: */s/ Drew N. Herrmann*
                              Drew N. Herrmann
                              Texas Bar No. 24086523
                              *drew@herrmannlaw.com*
                              Pamela G. Herrmann
                              Texas Bar No. 24104030
                              *pamela@herrmannlaw.com*
                              **HERRMANN LAW, PLLC**
                              777 Main St., Suite 600
                              Fort Worth, Texas 76102
                              (817) 479-9229 – telephone
                              (817) 260-0801 – fax
                              ATTORNEYS FOR PLAINTIFF

# Exhibit A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF UNDER THE FLSA

1. I, **Doug Patterson**, consent and agree to pursue a claim under the Fair Labor Standards Act of 1938 against my employer(s) for unpaid overtime wages during my employment.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended. 29 U.S.C. 201, et. seq. I hereby consent, agree, and opt-in to become a plaintiff and be bound by any judgment of the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. In that case, I also designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

4. I designate the law firm and attorneys at Herrmann Law, PLLC and other attorneys with whom they may associate to prosecute my wage claims.

2/6/18
Date

_[signature]_
Signature

Doug Patterson
Printed Name